UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| GARY STEPHENSON,<br>   *Plaintiff,*<br><br>Vs.<br><br>LOWE'S HOME CENTERS, LLC, dba<br>LOWE'S,<br>   *Defendant.* | §<br>§<br>§<br>§  Case 7:23-cv-00061-DC-RCG<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

  COMES NOW, **GARY STEPHENSON**, hereinafter called **("Gary")** or **("Plaintiff")**, complaining of **LOWE'S HOME CENTERS, LLC, dba Lowe's** hereinafter called **("Lowe's")** or **("Defendant")** and for cause of action would respectfully show the Court and Jury the following:

### PARTIES

  1. Plaintiff, **GARY STEPHENSON** is an individual and a resident of Oklahoma County, Oklahoma. The last three digits of Plaintiff's Oklahoma Driver's License ▮ , and the last three digits of Plaintiff's Social Security number are ▮ .

  2. **LOWE'S HOME CENTERS, LLC, DBA LOWE'S** is a foreign limited liability company, and accordingly, is a non-resident which is authorized to do and does business in this State. **Lowe's** has designated a Registered Agent in the State of Texas and citation may be effected upon such Registered Agent. Its Registered Agent is Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company and the citation may be effected at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218. No Citation needed. Defendant has been served and has filed an Answer in this cause.

### JURISDICTION

  3. This Court has jurisdiction of this matter because **Lowe's Home Centers, LLC, dba Lowe's** does business and has stores in many counties throughout the state of Texas, including Midland County, where the events giving rise to this suit occurred in its store on North Loop 250 W. This Court has jurisdiction of this matter because there is complete diversity of citizenship between Plaintiff and Defendant. The damages alleged by Plaintiff exceed $75,000.00.

## VENUE

4.  Venue is proper in this District and Division under 28 U.S.C. § 1441(a) because the state Court where the suit was originally filed is located in this District and Division. Further, all or a substantial part of the events giving rise to the cause or causes of action alleged herein occurred in Midland County, Texas and therefore venue of this suit is proper in Midland County, Texas.

## FACTS

5.  On May 25, 2021, Gary was employed by Odessa Country Club and was seeking to purchase ornamental/native grasses to plant at the club facilities. He stopped at Lowe's to shop for the grasses and proceeded as a business invitee of Lowes into the store. Gary entered the garden center in the store and was proceeding toward the area containing the grasses, when he stepped in a puddle of water or other liquid which was draining from a Mountain Dew ice container or barrel in the walking area. As Gary continued out of the water and onto the surface beyond the water his foot slipped causing him to fall, landing on his left elbow, injuring his arm, elbow and shoulder. Gary was able to get to his feet and after collecting himself, resumed his attempt to locate the desired grasses and plant material. In a short time, pain set in on Gary's left elbow, left shoulder and the back of his neck. Gary realized he should file an accident report with the store and moved to the customer service area, eventually advising a lady named April that he needed to file an accident report. April had a discussion with another female employee of Lowe's and advised that she would call a manager. An employee named Gina came to talk to Gary and he related what had occurred. Rather than have Gary complete a report, Gina requested Gary's contact information which he provided on a white piece of paper, which Gina folded and put in a wallet type pouch. Gina and Gary walked toward the garden department and when Gary pointed out the water puddle, Gina remarked, "Oh, the ice chest is leaking". By the time Gary and Gina arrived at the location of the water, a yellow cone had been placed in the water puddle. Gary paid for his purchases and left the store.

6.  Gary returned to Lowe's the next day to again speak with Gina; however, a Charlotte came to speak with him. Gary advised Charlotte he needed to file an accident report but was told by Charlotte that the accident report would be created by Lowe's, and he would be contacted when it was finished. When Gary asked how long the store would keep the security camera footage, Charlotte advised "it would definitely be around for the time period it is needed". Gary returned to the garden center and observed the Mountain Dew ice container had been moved

to another area and was still leaking. A Gatorade ice container was in the place of the Mountain Dew container that had been there the day before.

## CAUSES OF ACTION AGAINST LOWE'S

7. Lowe's and its employees made the decision to place an ice container or barrel in the shopping area and on the walking surface of the Garden Center. Lowe's knew or should have known the ice in the container would melt with the passage of time. Lowe's had a duty to exercise reasonable care to keep water off the walking area of the Center and an additional duty to ensure that the container was sufficiently sealed to prevent water from leaking out and onto the floor surface. The puddle of water into and out of which Gary stepped, slipped and fell and the leaking ice container were unreasonably dangerous conditions on Lowe's premises. Upon information and belief, Gary alleges that Lowe's placed the ice container in the location described above and further that Lowe's knew or should have known the ice therein would melt, becoming liquid which if leaking on the floor would be unreasonably dangerous to the patrons of the store and even the Lowe's employees. Lowe's had a duty to remove the container, repair it, remove the water on the floor, dry the surface, or provide an observable warning of the existence of the water and the risk it posed to patrons. Lowe's did none of those things and therefore, breached its duty to Gary Stephenson. Lowe's also had a duty inspect and test the traction of the floor surface in the Garden Center and to use proper materials to clean and maintain the surface to prevent degradation of the surface friction.

## NEGLIGENCE-PREMISES CONDITIONS

8. Gary says that on the occasion described above, Lowe's and its employees failed to use ordinary care by various acts and omissions, including, but not limited to the following, each of which singularly or in combination with others, was a proximate cause of the occurrence in question and the injuries and damages suffered by the Plaintiff:

   a. In creating an unreasonably dangerous condition on the premises by placing an insufficiently sealed and leaking ice container in the walking area of the store;

   b. In allowing an unreasonably dangerous condition on the premises by allowing an insufficiently sealed and leaking ice container to remain in the walking area of the store;

   c. In failing to inspect the surface of the premises at reasonable intervals to prevent leaking and puddling of water on the walking surface;

    d.    In failing to remove the leaking container from the store;

    e.    In failing to warn patrons of the water and leaking container; and

    f.    In failing to properly clean and dry the floor of the area where liquid was present.

    g.    In failing to inspect, test, repair, maintain and properly clean the surface of the area in in which Gary slipped and fell to assure that the surface of the area had sufficient traction (Coefficient of Friction) to prevent falls by persons in walkway areas.

9.    Gary alleges that the condition of the ice container and the wet floor and the inadequate traction of the surface of the floor in the area in which he slipped and fell, were unreasonably dangerous conditions; that Lowe's either knew or should have known of them in the exercise of reasonable care; that Lowe's neither remedied, removed repaired nor warned of the dangerous conditions; that Lowe's failure to act and failure to inspect and test the surface was not the exercise of reasonable care; and that the acts and/or omission of Lowe's, were and are a proximate cause of Gary's slip and fall and the injuries and damages he has suffered and will, in reasonable probability suffer in the future.

## NEGLIGENT ACTIVITY

10.    Gary alleges on the occasion in question Lowe's was engaged in marketing and advertising Mountain Dew and possibly other soft drinks or water to the invitees in the store through the use of one or more ice containers in the shape of a can or barrel. However, Lowe's was negligent in its marketing activities by utilizing a "Mountain Dew" container which was not properly sealed to prevent leakage of water onto the surface of the store. Such negligence was and is a proximate cause of Gary's slip and fall and the injuries and damages he has sustained, suffered and expenses incurred.

## DAMAGES

11.    As a result of the accident described above, Gary has suffered severe personal injuries causing him to sustain the following damages which are in excess of the minimum jurisdictional limits of this Court:

    a.    bodily impairment and enjoyment of life in the past,

  b.  bodily impairment and enjoyment of life which in reasonable probability he will suffer in the future,

  c.  disfigurement in the past,

  d.  disfigurement in the past which in reasonable probability he will suffer in the future,

  e.  loss of earning capacity in the past,

  f.  loss of earning capacity which in reasonable probability he will suffer in the future,

  g.  physical pain and mental anguish in the past,

  h.  physical pain and mental anguish which, in reasonable probability he will suffer in the future,

  i.  medical charges and expenses in the past,

  j.  medical expenses which, in reasonable probability, Gary will have to incur in the future for treatment of his injuries.

## USE OF U.S. LIFE TABLES

12. Notice is hereby given to the Defendant that Gary intends to use the U.S. Life Tables as published by the Department of Health and Human Services in the trial of this matter.

## PRAYER

13. WHEREFORE, **GARY STEPHENSON** prays that **LOWE'S HOME CENTERS, LLC, DBA LOWE'S** be duly cited to appear and answer herein; and that upon final trial of this cause, Gary Stephenson recover:

  a.  Judgment against Defendant for Plaintiff's damages as set forth above, in an amount within the jurisdictional limits of this Court;

  b.  Interest on the Judgment at the legal rate from date of Judgment;

  c.  Pre-judgment interest on the damages awarded as allowed by law;

  d.  Costs of Court; and

  e.  Such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

_____
Steve Brannan
State Bar No. 02891400

**STEVE BRANNAN, ATTORNEY, P.C.**
308 North Jackson
Odessa, Texas 79761
    PO Box 3747
    Odessa, Texas 79760
432-580-5850
432-580-8540 - FAX
Email: **sbrannan@stevebrannan.com**

**EMAIL FOR FILINGS ONLY**
**efile@stevebrannan.com**

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on the __5th__ day of __January__, 2024, a true and correct copy of the above and foregoing instrument was electronically filed/served with the Clerk of the Court and served on all counsel of record as follows**:**

**Via Email: brice.phillips@steptoe-johnson.com and david.ashton@steptoe-johnson.com**:
Mr. Brice Peyton Phillips
Mr. David Ashton
STEPTOE & JOHNSON, PLLC
1780 Hughes Landing Blvd., Suite 750
The Woodlands, TX  77380
    *Attorneys for Defendant, Lowe's Home Center*

_____
Steve Brannan